**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Vontaise Carroway, | ) | |
| | ) | Civil Action No.: 5:20-cv-3210-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Nannette Barnes, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on September 29, 2020. (ECF No. 16.) The Report recommends that the court dismiss without prejudice Plaintiff Vontaise Carroway's ("Plaintiff") Petition for a Writ of Habeas Corpus (ECF No. 1) based on a lack of subject matter jurisdiction. For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 16) and incorporates it herein and **DISMISSES** without prejudice Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 16.) As brief background, Plaintiff entered a guilty plea to being a felon in possession of firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) on April 15, 2019. (*Id.* at 1 (citing *United States v. Carroway*, C/A No.: 4:19-cr-103-RBH-1 (June 25, 2019), ECF No. 29).) On June 25, 2019, Plaintiff was sentenced to twenty-one (21) months imprisonment to run consecutive to the revocation sentence imposed in docket number 4:12CR00443 on May 29, 2019. (*Id.*) Petitioner did not file an appeal. (ECF No. 1 at 2.)

1

Petitioner also did not file a motion under 28 U.S.C. § 2255. (*Id.* at 3.) Petitioner filed the instant habeas petition alleging his sentence and conviction are unconstitutional under the holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 1 at 11–17.)

The Magistrate Judge issued the Report on September 29, 2020. (ECF No. 16.) In her analysis, the Magistrate Judge determined the court lacked subject matter jurisdiction over the petition. (*Id.* at 3.) Specifically, the Magistrate Judge observed Plaintiff's Petition, which was brought under § 2241, could survive only if Plaintiff satisfied the § 2255 savings clause by showing that § 2255 is "inadequate or ineffective to test the legality of his detention." (*Id.* (citing 28 U.S.C. § 2255(e); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (finding court lacked jurisdiction over § 2241 petition outside savings clause)).) The Magistrate Judge further outlined the United States Court of Appeals for the Fourth Circuit's savings clause test under § 2255 for a petitioner who contests his sentence as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

(*Id.* (citing *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018)).)

The Magistrate Judge ultimately found Plaintiff failed to show that § 2255 is inadequate to test the legality of his sentence. The Magistrate Judge noted that "[t]o the extent [Plaintiff] argues that his § 2255 remedy is inadequate or ineffective because his time to file a § 2255 motion has expired, this argument is without merit." (*Id.* at 3–4.) The Magistrate Judge explained that "[t]he Fourth Circuit has unequivocally held that '§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.'" (*Id.* at 4 (citing *In re Jones*, 226

2

F.3d 328, 333–34 (4th Cir. 2000); *In re Vial*, 115 F.3d at 1194 n.5 (finding that a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective")).)

## II.     LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be carefully

examined, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).

### III.     ANALYSIS

Initially, Plaintiff argues that, based on the liberal construction granted *pro se* pleadings, the court has "the power to review and accept" his petition based on "the merits attached on the petition." (ECF No. 19 at 2.)  Petitioner appears to argue that the court can analyze Plaintiff's Petition as though it were made pursuant to § 2255 based upon the "intent of the filing." (*Id.* at 5 ("because the petition was filed under the Habeas Corpus Writ pursuant to Title 28 United States Code section 2241 does not change the intent of this filing").)  Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

As explained above, Plaintiff cannot challenge his conviction and sentence under § 2241 without first showing that, under the savings clause of § 2255(e), a § 2255 motion is "inadequate or ineffective to test the legality of his detention."  *See* 28 U.S.C. § 2255(e); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (explaining that if a § 2241 petition does not fall under the savings clause, the district court must dismiss the unauthorized habeas petition for lack of jurisdiction). While Plaintiff must prove four elements to show "inadequate or effective" relief under § 2255, the second element is at issue here: "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *United States v. Wheeler*, 886 F.3d 415, 427 (4th Cir. 2018) (quoting *In re Jones*, 226 F.3d 328, 333–34 (2000)).  Because Plaintiff admits he never filed an appeal or a § 2255 motion to vacate, Plaintiff cannot show that settled substantive law changed *subsequent to*

4

his direct appeal and first § 2255 motion. The liberal construction given *pro se* pleadings does not authorize the court to consider matters over which it has no subject matter jurisdiction.

As the court lacks subject matter jurisdiction, Plaintiff's Petition is dismissed without prejudice. *See* FED. R. CIV. P. 12(h)(3) ("[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Platts v. O'Brien*, 691 F. App'x 774 (4th Cir. 2017) (dismissing § 2241 petition without prejudice "because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits" (citation omitted)).

## IV.     CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16) and incorporates it herein and **DISMISSES** without prejudice Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1).

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 16, 2021
Columbia, South Carolina